IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHID MIGHRI, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.  07-03624 |
| | : | |
| v. | : | |
| | : | |
| ALBERTO GONZALES, | : | |
| *Attorney General of U.S.*, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

AND NOW, this 19th day of December, 2007, upon consideration of Defendants' Motion to Dismiss (Doc. No. 4), which is unopposed, it is hereby ORDERED that said motion is GRANTED for the reasons that follow.

Plaintiff Rachid Mighri brings this action against Defendants Alberto Gonzales, Attorney General of the United States, Donald Monica, District Director of the U.S. Citizenship and Immigration Services ("USCIS" or "the Service") in Philadelphia, Michael Chertoff, Secretary of the Department of Homeland Security ("DHS"), and Robert Mueller, Director of the Federal Bureau of Investigations ("FBI") in connection with his application for naturalization.  Plaintiff asks this court to direct the FBI to complete the background check on Plaintiff immediately and to direct DHS to adjudicate Plaintiff's naturalization application or schedule an interview on his naturalization application immediately.  Plaintiff further seeks the grant of his reasonable attorney's fees and legal costs, as well as any further equitable relief the court deems proper. Plaintiff avers that this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (mandamus).  Plaintiff also avers that this court had jurisdiction to grant

declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rules of Civil Procedure 57 (declaratory judgment) and 65 (injunctions and restraining orders).

Before this court is Defendants' Motion to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1), in which they argue that this court lacks subject matter jurisdiction to provide the relief requested. Plaintiff has not filed a response in opposition to Defendants' motion, but asserts in his Complaint that this court does have subject matter jurisdiction.

A.      Factual and Procedural Background

Plaintiff is a citizen of Tunisia who was lawfully admitted to the United States for permanent residence on August 22, 2003. (Pl.'s Compl. ¶ 6.) Plaintiff filed an application for naturalization on June 21, 2006. (Pl.'s Compl. ¶ 7.) On July 13, 3006, Plaintiff had his fingerprints taken at a USCIS Support Center. (Pl.'s Compl. ¶ 8.)

Plaintiff avers that he has never been scheduled for an interview on his naturalization application. (Pl.'s Compl. ¶ 9.) He alleges that during an Infopass Appointment with USCIS, on an unspecified date, to inquire on the status of the application, his counsel was advised that Plaintiff's FBI background check was still pending. (Pl.'s Compl. ¶ 9.) Plaintiff filed his complaint in this court on August 30, 2007, at which point his application had been pending for over 14 months.

Defendants filed their motion to dismiss on October 29, 2007. Plaintiff did not respond. On December 5, 2007, the court <u>sua sponte</u> ordered Defendants to provide a supplemental report attesting to whether or not Plaintiff's naturalization application is under active consideration or investigation. On December 18, 2007, Defendants reported that they are actively considering

Plaintiff's naturalization application. Defendants reported that the FBI has completed the name checks on Plaintiff as of November 25, 2007. Defendants informed the court that Plaintiff's fingerprint records had expired and that Defendants are presently updating information related to Plaintiff's fingerprints. Defendants notified the court that, once all the fingerprint information is completed, Defendants will schedule Plaintiff for a citizenship interview in the USCIS Philadelphia District Office.

B.   Standard for a Motion to Dismiss

When considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and the motion is a facial challenge, the court shall review "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke" this court's jurisdiction. Turicento, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002) (internal citations omitted); see also Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

C.   Naturalization Application Process

Applying for naturalization through the USCIS involves several steps. First, an applicant must submit an application for naturalization. 8 U.S.C. § 1445(a). Second, a USCIS employee conducts a personal investigation of the applicant. 8 U.S.C. § 1446(a). Third, the FBI conducts a criminal background check of the applicant. 8 C.F.R. § 335.2(b). Fourth, a USCIS employee conducts an examination, or interview, of the applicant. 8 U.S.C. § 1446(b); El-Daour v. Chertoff, 417 F. Supp. 2d 679 (W.D. Pa. Aug. 26, 2005) (finding that the "examination" refers to

the interview of an applicant).  Finally, there is a determination whether the application should be granted or denied.  8 U.S.C. § 1446(d).  If the application is granted, the applicant participates in a citizenship oath ceremony.  8 U.S.C. § 1448(a); Khan v. Frazier, Civil No. 06-1560 (MJD/RLE), 2007 WL 270413, at *3 (D. Minn. Jan. 29, 2007).

D.  Request for Court Order Directing Federal Agencies to Complete FBI Background Check and Adjudicate Plaintiff's Naturalization Application or Schedule Interview on Naturalization Application.

Plaintiff requests that this court enter an order directing the defendant federal agencies to complete FBI background checks and adjudicate his naturalization application or schedule an interview of Plaintiff regarding his naturalization application.  Plaintiff attempts to establish subject matter jurisdiction pursuant to the mandamus statute, 28 U.S.C. § 1361.[1]  Defendants argue that this court lacks jurisdiction to consider Plaintiff's claim.  The court agrees.

The mandamus statute, 28 U.S.C. § 1361, provides that the "district courts shall have

---

[1] Plaintiff also references 8 U.S.C. § 1447(b) of the INA in his Complaint but does not seek to predicate jurisdiction upon it.  Section 1447(b) provides that:
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  The "examination" referenced by § 1447(b) and other sections of the INA denotes the interview of an applicant and not the entire process which includes investigation and criminal background check.  See Ahmed v. Mueller, No. 07-cv-00411, 2007 WL 2726250 (E.D. Pa. Sept. 14, 2007) (Giles, J.); see, e.g., El-Daour, 417 F. Supp. 2d at 683.  Plaintiff concedes that there has been no interview.  (Pl.'s Compl. ¶ 9.)  Section 1447(b) does not grant jurisdiction to hold a hearing on the matter, determine the matter, or remand the matter to USCIS.

original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is available as an extraordinary remedy "for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted).

As the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 et seq., also requires a non-discretionary duty, the court finds that the analysis of whether mandamus relief is available is the same as whether relief is available under 706(1) of the APA. See Ahmed v. Mueller, No. 07-cv-00411, 2007 WL 2726250 (E.D. Pa. Sept. 14, 2007) (Giles, J.) (granting a motion to dismiss and finding the court did not have subject matter jurisdiction under 28 U.S.C. § 1361 to order an interview on a naturalization application when the FBI had yet completed its criminal background investigation of the applicant).

The APA provides for a right of judicial review of agency action to a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Judicial review of agency actions applies, "according to the provisions thereof, except to the extent that – (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion." 5 U.S.C.A. § 701(a). Section 706(1) permits a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).[2]

---

[2] The APA alone does not confer subject matter jurisdiction. Califano v. Sanders, 430 U.S. 99 (1977). In combination with 28 U.S.C. § 1331, however, the APA gives a district court jurisdiction to compel agency action unreasonably delayed or denied. See, e.g., Elhaouat v. Mueller, Civil Action No. 07-632, 2007 WL 2332488, at *3 n.5 (E.D. Pa. Aug. 9, 2007) (citing Kim v. Ashcroft, 340 F. Supp. 2d 384, 388 (S.D.N.Y. 2004)).

The United States Supreme Court has made it clear that not all agency action can be compelled but that "the only agency action that can be compelled under the APA is action legally *required*." Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004). A claim brought under § 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." Id. at 64. Defendants argue that this court lacks subject matter jurisdiction over Plaintiff's claims because there is no legally required, non-discretionary duty that defendant agencies are required to take, as there is no time prescribed by the governing statutes and regulations in which the FBI must complete a background check or USCIS must schedule an interview of an applicant. Therefore, the issue presented to this court is whether Plaintiff asks this court to compel USCIS and FBI to perform an agency action that they are required to take.

Many district courts have confronted the question of whether there is a non-discretionary duty to with respect to applications in immigration matters ranging from adjustment of status to naturalization. Some courts have attempted to answer the question framed as whether a plaintiff has a right to have his or her application adjudicated, or adjudicated within a reasonable time. Not all have reached the same conclusion. See, e.g., Elhaouet v. Mueller, Civil Action No. 07-632, 2007 WL 2332488, at *3 (E.D. Pa. Aug. 9, 2007) (finding that USCIS regulations indicate that it has a mandatory, non-discretionary duty to adjudicate naturalization applications); Kaplan v. Chertoff, 481 F. Supp. 2d 370, 399 (E.D. Pa. 2007) (finding that USCIS has a "mandatory non-discretionary obligation to adjudicate such applications within a reasonable amount of time."); cf. Qui v. Chertoff, 486 F. Supp. 2d 412 (D.N.J. 2007) (determining that immigration officials do not have a non-discretionary duty to adjudicate adjustment of status applications);

Badier v. Gonzalez, 475 F. Supp. 2d 1294 (N.D. Ga. 2006) (concluding that the court cannot exercise jurisdiction under the APA or the mandamus statute because the defendant has no clear duty to act on naturalization application); Zahani v. Neufeld, No. 6:05 CV 1857 ORL 18J, 2006 WL 2246211 (M.D. Fla. June 26, 2006) (finding 8 C.F.R. § 103.2(b)(18) provides USCIS with discretion to withhold adjudication of adjustment of status petition).  In a matter concerning an application for adjustment of status, this court previously found that it did not have subject matter jurisdiction over claims brought under the APA and mandamus statute.  See Elzerw v. Mueller, Civil Action No. 07-00166, 2007 WL 1221195 (E.D. Pa. April 23, 2007) (Giles, J.).  Other courts have attempted to answer whether a plaintiff has "the clear right to an immediate (or even expedited) adjudication of [his] petition and application."  Mustafa v. Pasquerell, No. Civ.SA05-658-XR, 2006 WL 488399, at *4 (W.D. Tex. Jan. 10, 2006).  This court, however, finds that the appropriate question, based on the facts of this case as alleged and the relief requested, is whether defendants have a non-discretionary duty immediately to schedule the interview of an applicant.

It is clear from the Service's own regulations that each individual who submits an application for naturalization shall appear before a USCIS employee for an interview.  8 C.F.R. § 335.2(a).  The regulations also require the completion of a criminal background check before such an interview is scheduled:

> The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed.

8 C.F.R. § 335.2(b) (emphasis added); see also Pak v. Gonzales, Civil Action No. 07-282, 2007

WL 2306875 (D.N.J. Aug. 6, 2007). Congress has prohibited USCIS from processing applications until it receives a completed FBI background check. Kaplan, 481 F. Supp. 2d at 379 (citing Pub. L. No. 105-119, 111 Stat. 2448 (Nov. 26, 1997)).

The regulations do not require that an interview be held or scheduled within any specific period of time after USCIS receives notice that the FBI has completed its criminal background check of the applicant. Further, the court has found no authority to require the FBI to conduct its criminal background check of the applicant within any specific time frame. Where governing statutes and regulations require adjudication of an application for naturalization within a certain time frame, Norton is clear that a court can compel agency action. Norton, 542 U.S. at 65 ("Thus, when an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be.").

Plaintiff states that during an Infopass Appointment with USCIS to inquire on the status of the application, his counsel was advised that Plaintiff's FBI background check was still pending. (Pl.'s Compl. ¶ 9.) Subsequently, Defendants in their report of December 18, 2007, confirmed that Plaintiff's FBI background check was completed as of November 25, 2007. Because the governing statutes and regulations do not require adjudication of an application for naturalization within a certain time frame following notice of the completion of FBI background checks, this court lacks subject matter jurisdiction over Plaintiff's claim for relief – to schedule immediately Plaintiff's naturalization interview – under the APA or mandamus statute.

Plaintiff also asks the court to direct the FBI to expedite its criminal background investigation of applicant. Courts that have faced the question of whether the FBI has a non-

discretionary duty to complete criminal background checks of individuals having submitted applications to USCIS have reached different conclusions.  See id. at 399 (finding Congress has imposed a mandatory duty on the FBI to conduct background checks when applications for adjustment of status and naturalization have been filed with the USCIS); cf. Yan v. Mueller, Civil Action No. H-07-0313, 2007 WL 1521732 (S.D. Tex. May 24, 2007) (noting Congress has not imposed a deadline for the FBI to complete name check investigation and finding that the pace required to complete that investigation is not subject to review under mandamus and the APA); Shalabi v. Gonzalez, No. 4:06CV866 RWS, 2006 WL 3032413, at *5 (E.D. Mo. Oct. 23, 2006) (finding plaintiff could not establish that the FBI owes him a clear, nondiscretionary duty as no statute or regulation imposes a deadline for the FBI to complete a criminal background check).  The court need not reach this issue as Defendants have confirmed that the FBI completed name checks on Plaintiff as of November 25, 2007, and the issue is therefore moot.

      The court understands that Plaintiff may be frustrated by the pace at which his application is currently processing.  This is insufficient to confer jurisdiction upon this court.[3]  The court cannot inquire into the specifics of the investigation and criminal background check.

      The court concludes that there is no non-discretionary duty to schedule an interview on a naturalization application when the FBI has completed its criminal background investigation of the applicant.  As such, subject matter jurisdiction does not exist under the mandamus statute.

---

[3] Plaintiff's frustration over the pace of the processing of his naturalization application is "better addressed to the political branches."  Yan v. Mueller, Civil Action No. H-07-0313, 2007 WL 1521732, at *2 n.9 (S.D. Tex. May 24, 2007) (quotation omitted).  It may be that additional funding to USCIS and the FBI would decrease the amount of time required to process applications for naturalization and other immigration-related matters.  Id.

E.	<u>Conclusion</u>

Having determined that it does not have subject matter jurisdiction under the mandamus statute, this court finds that Defendants' Motion to Dismiss must be GRANTED. It is so ORDERED.


BY THE COURT:


<u>     S/ James T. Giles     </u>
                                        J.